This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BOKF, N.A., A NATIONAL BANKING ASSOCIATION D/B/A BANK OF OKLAHOMA, AS SUCCESSOR IN INTEREST BY MERGER TO BANK OF ALBUQUERQUE, N.A.,**

       Plaintiff-Appellee,

v.                                **No. 35,691**

**HECTOR L. GONZALEZ, JR., A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY,**

       Defendant-Appellant,

**and**

**OCCUPANTS OF THE PROPERTY,**

       Defendants.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Emilio J. Chavez, District Judge**

McCarthy Holthus, LLP
Karen Howden Weaver
Joshua T. Chappell
Albuquerque, NM

for Appellee

Hector L. Gonzalez, Jr.
Raton, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant Hector L. Gonzalez, Jr., appeals, pro se, from a district court foreclosure judgment. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm the district court judgment.

{2}     Defendant appeals from a judgment of foreclosure. We have construed his issues as follows. First, Defendant claims that Plaintiff lacked standing. Defendant is correct that under recent cases decided by our Supreme Court and this Court, an entity wishing to foreclose on a mortgage must establish that at the time the foreclosure action is filed the entity had the right to enforce the promissory note underlying the mortgage, as well as ownership of the mortgage lien on the property. *See, e.g.*, *Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 23, 369 P.3d 1046. One way to show the right to enforce the promissory note is to attach a copy of the note bearing appropriate indorsements to the complaint. *See id.* In this case, Plaintiff attached a note, indorsed in blank, to its complaint. [RP 13] Both the referenced note and the mortgage were attached to the complaint. [RP 13, 16] As such, Plaintiff

established that it had standing. *See Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 26, 320 P.3d 1 ("[The] blank indorsement . . . established the [b]ank as a holder because the [b]ank [was] in possession of bearer paper[.]"). Because Plaintiff was in possession of the note at the commencement of the case and the note was indorsed in blank, the district court correctly determined that Plaintiff was the holder of the note and entitled to enforce it. *See* NMSA 1978, § 55-3-104(a) (1992) (stating that a promissory note can be enforced by the holder of the instrument); NMSA 1978, § 55-1-201(b)(21)(A) (2005) (stating that the holder of the instrument is "the person in possession of a negotiable instrument that is payable either to bearer [(in blank)] or to an identified person that is the person in possession").

{3}     Defendant also has argued that Mortgage Electronic Registration Systems, Inc. (MERS) lacked authority to convey title to Plaintiff because it was a robo-signer and a mere nominal possessor of the mortgage. Both our Supreme Court and this Court have already expressly ruled that MERS, as nominee for a lender, can assign the mortgage on behalf of such lender. *See Romero*, 2014-NMSC-007, ¶ 35, (stating that "[a]s a nominee for [the original lender] on the mortgage contract, MERS could assign the mortgage"); *Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 17, 356 P.3d 1102 (reiterating that "where MERS' role was that of a nominee for [the l]ender and [the

3

l]ender's successors and assigns, MERS could assign the mortgage" (alteration, omissions, internal quotation marks, and citation omitted)), *abrogation recognized on other grounds by PNC Mortg. v. Romero*, 2016-NMCA-064, 377 P.3d 461.

{4}     Finally, Defendant has argued that Plaintiff's conduct leading up to the litigation amounted to a violation of consumer protection laws. Defendant attempted to raise these allegations in a counterclaim. [RP 143] As observed in Plaintiff's motion to strike the counterclaim [RP 175], the counterclaim was filed late. As such, the district court was within its discretion in striking the counterclaim [RP 239], and therefore the merits of the counterclaim are not properly before us.

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief  Judge**

_____
**HENRY M. BOHNHOFF, Judge**

4